UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:21-CV-5838-DWC <br><br> ORDER |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI")). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not harmfully err when he evaluated Plaintiff's subjective symptom testimony; nor did the ALJ err in determining Plaintiff's residual functional capacity ("RFC"). Thus, the Court affirms.

ORDER - 1

FACTUAL AND PROCEDURAL HISTORY

On August 19, 2019, Plaintiff filed an application for SSI, alleging disability as of January 1, 2015; this alleged onset date was later amended to June 26, 2019. *See* Dkt. 9, Administrative Record ("AR") 17, 170. The application was denied upon initial administrative review and on reconsideration. *See* AR 71, 80. A hearing was held before ALJ Steve Lynch on December 1, 2020. *See* AR 37–70. In a decision dated December 22, 2020, ALJ Lynch determined Plaintiff to be not disabled. *See* AR 12–36. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) determining what jobs Plaintiff could perform at step five; (2) evaluating the medical opinion evidence; and (3) excluding asthma from the list of Plaintiff's severe impairments. Dkt. 10, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ Erred at Step Five.**

Plaintiff assigns error to the ALJ's determination of what jobs Plaintiff could perform at step five of the sequential evaluation. Dkt. 11, pp. 3–7.

At step five of the sequential evaluation, the burden of proof rests with the Commissioner to establish whether other work exists in the national economy that an individual of the

claimant's age, education, work experience, and RFC can perform. *See* 20 C.F.R. § 416.969; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). In making this finding, an ALJ relies "primarily" on the Dictionary of Occupational Titles ("DOT") for information about the requirements of other work in the national economy. Social Security Ruling ("SSR") 00-04p, 2000 WL 1898704 at *2. An ALJ may also rely on a Vocational Expert ("VE") as a source of occupational evidence. *Id.*

In this case, the RFC adopted by ALJ limited Plaintiff to understanding and remembering simple instructions and performing simple tasks in a routine workplace. AR 22. Relying on the testimony of a VE, the ALJ concluded that Plaintiff could perform the jobs of cleaner, housekeeping (DOT 323.687-014, 1991 WL 672783), marker (DOT 209.587-034, 1991 WL 671802), and mail room clerk (DOT 209.687-026, 1991 WL 671813). AR 31, 66-67.

Plaintiff contends that all three of the jobs the VE identified are inconsistent with the RFC finding limiting her to simple work, based on the General Education Development ("GED") reasoning levels for those jobs contained in the DOT. Dkt. 11, pp. 3–7. The DOT explains that the GED section of its job classifications has three divisions: reasoning development, mathematical development, and language development. DOT, App. C, § III, 1991 WL 688702. The GED section "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Id.*

As the Commissioner concedes, the job of mail room clerk has a reasoning level of three, which is inconsistent with the RFC finding. Dkt. 12, p. 3. However, the remaining two jobs that the VE identified–cleaner and marker–do not present any such conflicts.

First, the job of cleaner has a reasoning level of one. *See* 1991 WL 672783. A worker with level one reasoning is able to follow "simple one-or two-step instructions" and "[d]eal with

standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C, § III. Level one reasoning is "the lowest rung on the development scale," which involves "fairly limited reasoning required to do the job," and is to be applied to "the most elementary of occupations," with "only the slightest bit of rote reasoning being required." *Meissl v. Barnhart,* 403 F.Supp.2d 981, 984 (C.D. Cal. 2005). Here, Plaintiff's ability to understand and remember simple instructions and perform simple tasks in a routine workplace as reflected in the RFC is consistent with the ability to perform this level one job.

Plaintiff nevertheless maintains that the cleaner job conflicts with the RFC. First, she contends that "simple tasks and instructions are understood to represent 1-2 steps." Dkt. 11, p. 6. However, jobs that only require one to two steps, and therefore encompass level one reasoning jobs, are not equivalent to jobs that require simple, routine, or repetitive tasks. The Ninth Circuit, in *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), highlighted this distinction in its decision, noting that "the ALJ did not merely restrict [the claimant] to 'simple' or 'repetitive' tasks. Instead, he expressly limited her to 'one to two step tasks. . . .'" *Id.* at 1004. Here, the ALJ declined to include a limitation to one to two step tasks. Tr. 22. Regardless, even if Plaintiff were limited to one to two step tasks, this would be consistent with the ability to perform the demands of the cleaner job, a level one reasoning job.

Second, Plaintiff argues that the "various duties" of the cleaner job set out in the DOT demonstrate that the job requires "more than 1-2 step tasks and even multitasking." Dkt. 11, p. 6. But, as discussed, the ALJ did not limit Plaintiff to 1-2 step tasks. Plaintiff's lay interpretation of the cleaner job is insufficient to overcome the VE's expertise. *See Bayliss*, 427 F.3d at 1218 (finding that a "VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). An ALJ is only required to reconcile a

VE's testimony against the DOT "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (citing *Massachi v. Astrue,* 486 F.3d 1149, 1153-54 (9th Cir. 2007)). Here, there was no apparent conflict between the reasoning level one requirements of the cleaner job and the VE's testimony that an individual with Plaintiff's RFC could perform this job.

As for the marker job, Plaintiff has also failed to show any conflict. The job of marker has a reasoning level of two. 1991 WL 671802. Jobs classified as requiring level two reasoning abilities require the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from [a] standardized situation." DOT App. C, § III. In *Rounds*, the Ninth Circuit suggested that being limited to "simple, routine tasks" could be consistent with reasoning level two jobs. 807 F.3d at 1004, n.6 (citing unpublished decisions of panels of this Court and opinions from other circuits that have concluded that an RFC limitation to "simple" or "repetitive" tasks is consistent with level two reasoning: *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008; *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Money v. Barnhart*, 91 F. App'x 210, 215 (3rd Cir. 2004)). In *Hernandez v. Berryhill*, 707 F. App'x. 456, 458–59 (9th Cir. 2017) the court explained that there is no apparent conflict between an RFC determination limiting a claimant to "simple, repetitive tasks" and level two occupations. *See also Lara*, 305 F. App'x. at 326 ("[S]omeone able to perform simple, repetitive tasks is capable of ... Reasoning Level 2 jobs."). Thus, the marker job with a reasoning level of two is consistent with the RFC.

Plaintiff's reliance on *Skeens v. Astrue*, 903 F.Supp.2d 1200 (W.D. Wash., Oct. 9, 2012), is misplaced. In that case, the court found that the ALJ's RFC limiting the plaintiff to simple, 1-2

step instructions and performing simple tasks was inconsistent with the finding that he could perform reasoning level two jobs. *Id.* at 1208. Here, the ALJ did not include a limitation to 1-2 step tasks in his hypothetical or in the RFC. AR 22. Thus, Plaintiff has failed to demonstrate error at step five.

**II. Whether the ALJ Properly Evaluated the Medical Opinion Evidence.**

Next, Plaintiff assigns error to the ALJ's evaluation of the medical opinion evidence. Dkt. 11, pp. 7–9. Specifically, Plaintiff avers that the ALJ erred in accepting the opinion of state agency reviewing psychologist Andrew Forsyth, Ph.D. *Id.*

Pursuant to the rules applicable to claims, such as this one, filed after March 27, 2017, the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

1    Dr. Forsyth opined that Plaintiff required a setting with little or no public contact and
2 where contact with co-workers was superficial and infrequent. AR 91. He also stated that routine
3 tasks would minimize the need for supervisor contact. AR 91. The ALJ found this opinion
4 persuasive, finding it was supported by the overall record. AR 29. The ALJ's RFC finding
5 accommodated all of Dr. Forsyth's limitations by limiting Plaintiff to understanding and
6 remembering simple instructions, performing simple tasks in a routine workplace, and having
7 occasional and superficial interaction with the public and coworkers. AR 22.

8    Plaintiff contends that the ALJ should have included Dr. Forsyth's express finding that
9 "routine tasks" would minimize the need for supervisor contact. Dkt. 11, pp. 7–8. Plaintiff's
10 argument amounts to an assertion that the ALJ erred by failing to incorporate Dr. Forsyth's
11 opinion, verbatim, into the RFC finding. However, even where the ALJ finds an opinion
12 persuasive, the ALJ is not required to adopt the opinion word-for-word. *See Stubbs-Danielson v.*
13 *Astrue*, 539 F.3d 1169, 1173-75 (9th Cir. 2008) (the RFC need not be identical to the medical
14 opinion, just consistent with it.) The ALJ is responsible for "translating and incorporating" an
15 opinion "into a succinct RFC." *Rounds*, 807 F.3d at 1006. Moreover, as a general matter, the
16 ALJ is entitled to draw reasonable inferences logically flowing from the record. *Tommasetti v.*
17 *Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th
18 Cir. 1982)). And where the ALJ's interpretation of the evidence is rational, this Court will uphold
19 it, even if an alternate interpretation is possible. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.
20 2002).

21    Plaintiff's argument that the ALJ erred by not copying the precise language of Dr.
22 Forsyth's opinion fails. The ALJ limited Plaintiff to performing simple tasks in a "routine"
23 workplace. AR 22. Plaintiff offers no meaningful argument as to how including the precise
24

1 language "routine tasks" would render her unable to perform the level one and two reasoning

2 jobs at step five. The ALJ's RFC finding was consistent with Dr. Forsyth's opinion and is

3 supported by substantial evidence.

**III. Whether the ALJ Properly Evaluated Plaintiff's Severe Impairments**

5 Finally, Plaintiff assigns error to the ALJ's omission of asthma from the list of her severe

6 impairments at step two. Dkt. 11, p. 9.

7 At step two of the sequential evaluation, the ALJ must determine if the claimant suffers

8 from any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii).

9 An impairment is not considered "severe" if it does not "significantly limit" a claimant's mental

10 or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(c); SSR 96-3p, 1996 WL

11 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most

12 jobs." 20 C.F.R. § 404.1522(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe

13 if the evidence establishes only a slight abnormality that has "no more than a minimal effect on

14 an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d

15 1273, 1290 (9th Cir. 1996). Here, Plaintiff asserts that the ALJ failed to consider the effects of

16 her asthma by finding it to be non-severe. Dkt. 11, p. 9.

17 The ALJ determined at step two that Plaintiff suffered from the following severe

18 impairments: thyroid disease, fractured tailbone, right wrist tendon injury, fibromyalgia,

19 depression, anxiety, and cognitive disorder. AR 17. As to the purported failure to include

20 additional impairments, the ALJ discussed Plaintiff's asthma and found that "while chronic, [it]

21 is uncomplicated, stable, and does not cause significant limitation to her work abilities when she

22 follows the treatment and medication plan[.]" AR 18 (citing AR 318, 383, 452, 480, 493). The

23 ALJ also noted that examinations showed "non-labored breathing, lungs clear to auscultation,

24

ORDER - 8

and not wheezing[.]" AR 18 (citing AR 386, 389, 410, 448, 452, 456, 476, 493). However, the ALJ "considered all of [Plaintiff]'s medically determinable impairments, including those that are not severe, when assessing [Plaintiff's RFC]." AR 18.

Since the ALJ ultimately decided step two in plaintiff's favor, any error regarding these impairments is harmless. If the ALJ considers an impairment's effect on a claimant's ability to do work activities and includes those limitations in the RFC, the omission of the impairment from the step two evaluation is harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Furthermore, outside of medical evidence which the ALJ already addressed, Plaintiff does show how any alleged omission impacted her RFC—accordingly, she has failed to show error at step two. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Plaintiff also cites SSR 85-28 and argues that the ALJ did not evaluate her impairments in combination. Dkt. 11, pp. 14–15. However, Plaintiff fails to show that the ALJ did not consider all impairments singly or in combination. Given the absence of any evidence that asthma limited Plaintiff in any significant way, the ALJ did not err by not conducting a supplementary combination analysis of Plaintiff's asthma and her other impairments.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 29th day of April, 2022.

David W. Christel
United States Magistrate Judge